

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:

ATT'N: C.E. McCormick, Director
Bonding & Licensing Div.

Opinion No. O-1517
Re: Does a citrus fruit custom packer operating in the "Texas Citrus Zone," come under provisions of H.B. 99, 45th Leg., as amended by S. B. 24, 45th Leg., and H. B. 943, 46th Leg., and is he required to make application for a packer-dealer's license, pay license fee and post a bond, which would guarantee his faithful performance under his packing contract with producers and/or handlers with whom he transacts citrus business? And related questions.

We are in receipt of your request for an opinion on the following questions:

"Question No. 1: Does a citrus fruit custom packer, operating in the "Texas Citrus Zone," come under provisions of the above mentioned law, and is he required to make application for a packer-dealer's license, pay license fee and post a bond, which would guarantee his faithful performance under his packing contract with producers and/or handlers with whom he transacts citrus business?

"Question No. 2: " In the above mentioned law, under sub-section (g) of section (1), a definition is given of a transporting agent. It is apparent that the law means under pressure of penalty that all transporting agents transporting citrus from the grove to the packing house shed should have a transporting agent's identification card, and states what information should be on such card and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Department of Agriculture, page 2

that the card is to be applied for by the dealer by whom the transporting agent is employed.

"If you answer to the negative on the previous question, the custom packer requires transporting agents to transport the fruit to the packing shed, yet such packer not being a dealer under the provisions of the Act could not request the issuance under provisions of the law for a transporting agent identification card.

"Is this the right assumption? If not, please answer fully.

"Question No. 3: If your answer is that a packer is not required to procure a license under the Act, but can request that this Department issue transporting agent identification cards to his transporting agents, if the transporting agent, as has been found in numerous cases, diverts to his own or other's use a portion of the citrus fruit between the grove and the shed to which the fruit is to be delivered, who is responsible for such violation, the transporting agent or the dealer, or both? The agent is the transporter of the dealer, or in this instance, the custom packer. Therefore, if the custom packer does not come under provisions of the Act, would this law have any bearing on him even though he is dealing in citrus fruit for the purpose of packing same for barter? Who would be responsible for the agent's violation if such transporting agent had been employed by the custom packer? Who is the dealer in this instance if the custom packer is not?"

In opinion No. 0-1502, addressed to Hon. Tom L. Hartley, Criminal District Attorney, Edinburg, Texas, this department has carefully analyzed the definitions of the words "packer", "dealer", and "handle" as used in Section 1 of Article 118b, Vernon's Annotated Civil Statutes, i.e., the Texas Bonding and Licensing Act.

While the decision reached in that opinion is, as stated therein, applicable only to the factual situation under consideration, we see no reason for changing

Department of Agriculture, page 3

or modifying our construction of definitions which are explicit and unambiguous in respect to their wording.

Section 1 (i) of Article 118b, supra, defines a "packer" as follows:

"Any person who prepares and/or packs citrus fruit or its products for barter, sale, exchange or shipment."

A "dealer," according to Section 1 (e) of the Act, is:

"Any person who handles fruit, as the word 'handle' is defined in (d) of this section * * * "

Section 1 (d) defines the word "handle", as follows:

"Means buying or offering to buy, selling or offering to sell, or shipping for the purpose of selling, whether as owner, agent or otherwise, any citrus fruit within the State of Texas, and persons buying and/or shipping citrus fruit for canning and/or processing or handlers, as the term is defined." (Underscoring ours; we think it should be "are").

The presence of the two respective definitions of "packer" and "dealer" in the defining section of the Act indicates an intention on the part of the Legislature to distinguish the two classifications.

On the other hand, it is obvious that a "packer" might also be a "dealer", and vice versa.

A "packer", however, as defined in Section (i) of Article 118b, supra, is not necessarily and automatically a "dealer", as the latter is defined in Section 1 (d) of the Act.

We fail to preceive that the words:

" * * * prepares and/or packs citrus fruit or its products for barter, sale, exhhange or shipment."

Department of Agriculture, page 4

mean the same thing as the words:

> " * * * buying or offering to buy, selling or offering to sell, or shipping for the purpose of selling, whether as owner, agent or otherwise, any citrus fruit within the State of Texas, and persons buying and/or shipping citrus fruit for canning and/or processing or handlers, as the term is defined." (Underscoring ours).

It is not to be presumed that the Legislature, in defining these words separately, had in mind a distinction without a difference.

Under Section 4 of Article 118b, supra, dealing with "license fee accompanying application", the following fees are prescribed:

> "(1) For license as a 'dealer' or 'handler' of citrus fruit, the sum of Twenty-five Dollars ($25).

> "(2) For license as a 'commission merchant' and/or 'contract dealer', as the term is in this Act defined, Twenty-five Dollars ($25).

> "(3) For license as a 'minimum cash dealer' the sum of Five Dollars ($5).

> "(4) For a license as a 'buying agent', the sum of One Dollar ($1).

> "(5) For a license as a 'transporting agent', the sum of One Dollar ($1)."

As we pointed out in opinion No. 0-1502, no fee is prescribed in the Act for a packer acting in such capacity alone whether intentionally or through oversight. Consequently, only where the "packer", as defined in Section 1 (1), is a statutory "dealer" or "handler", a "commission merchant" and/or "contract dealer", a "minimum cash dealer", a "buying agent", or a "transporting agent", does he have to procure a license and pay a fee therefor under the Texas Bonding and Licensing Act.

Where a "packer" does nothing but prepare and/or

Department of Agriculture, page 5

pack citrus fruit or its products, even though said fruit or its products are to be bartered, sold, exchanged or shipped by others, he is not required by the Act to procure a license. Of course, if in addition to preparing and packing, he handles the fruit within the statutory meaning of the word "handle", he is a "dealer" and must procure a dealer's license and post a bond.

In answer to your first question it is our opinion that a citrus fruit packer, operating in the "Texas Citrus Zone", whose only acts in regard to the fruit are the preparing and packing of same and its products, and who neither buys or offers to buy, nor sells or offers to sell, or ships for the purpose of selling, whether as owner, agent or otherwise, any citrus fruit within the state of Texas, nor buys and/or ships citrus fruit for canning and/or processing, in accordance with the definition of "handle" given in Section 1 (d) of Article 118b, Vernon's Annotated Civil Statutes, is not required to make application for a dealer's license, pay dealer's license fee, and post a dealer's bond, in accordance with Section 4 (a) and (b), Vernon's Annotated Civil Statutes. A "packer" is subject only to those provisions of Article 118b, Vernon's Annotated Civil Statutes, which concern packers. Article 118b does not contain any provision for a "packer-dealer's license". Nowhere in the law is a license of this description designated. As for the term "custom packer", it is not used in Article 118b to our knowledge, and if it has a local meaning in the "citrus zone" which distinguishes it from the word "packer", as defined in the Act, said local usage cannot be taken into consideration for the purposes of this opinion.

Section 1 (g) defines a "transporting agent" as follows:

"Any person authorized by any dealer to act for said dealer in the transporting of citrus fruit."

Section 12 provides:

" * * * Upon application to the Commissioner by any licensed dealer, a reasonable number of "buying agent" and "transporting agent" identifica-

Department of Agriculture, page 6

tion cards may be issued and accredited to such dealer, under such rules and regulations as said Commissioner may prescribe, and said Commissioner is hereby empowered to charge a fee not to exceed One Dollar ($1) for each card so issued * * * "

In answer to your second question, it is our opinion that where a packer is only preparing and packing the fruit in accordance with the definition under Section 1 (1) of Article 118b, Vernon's Annotated Civil Statutes, and is not hauling the fruit from the orchard to the shed so as to necessitate the packer's obtaining a "transporting agent" license or identification card through the principal, then the packer could not request the issuance of a transporting agent's identification card, since he is not a dealer, but the transporting agent's identification card must be obtained by the dealer-principal.

If the packer is also a dealer, then he may obtain a reasonable number of "transporting agent" identification cards in accordance with the terms of Section 12 of Article 118b, Vernon's Annotated Civil Statutes.

Since we have held that a packer may not obtain "transporting agent" identification cards unless he qualifies as a dealer under the definitions of "dealer" and "handle", Section 1, # (d) and (e) of Article 118b, Vernon's Annotated Civil Statutes, the premise upon which your third question rests is destroyed, and the necessity for our considering it removed.

In conclusion, we wish to emphasize two facts: first, that we have noted the reiterated observation in the letter of request that a "custom packer" in the "citrus zone" is a "dealer". We are not passing upon this question, since Article 118b, supra, does not define "custom packer". If a "custom packer" is a dealer, it is because in addition to preparing and packing citrus fruit, such a packer also "handles" fruit in accordance with the statutory definition of "handle", Section 1 (d), Article 118b, Vernon's Annotated Civil Statutes.

Furthermore, the question of whether or not a "packer", as defined by the Texas Bonding and Licensing Law, who is not also a dealer, should be required to obtain the same license as a "dealer" is a matter for

Department of Agriculture, page 7

legislative determination.  The wisdom or efficacy of a particular law is not the concern of the courts or the Attorney General's Department.  It is, perhaps, desirable to require the same license of a "packer" _per se_ as is required of a "dealer", but the language of the Texas Bonding and Licensing Law cannot possibly be construed to make such a requirement.  A "packer" must "handle" fruit, as provided in Article 118b, supra, Section 1 (d) in order to necessitate his procurement of a dealer's license and his posting of a bond as called for in Section 4 of Article 118b, supra.

Trusting that we have fully answered your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By            Dick Stout
             Assistant

DS:ob

APPROVED DEC 1, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN